IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-490 T
(Honorable Nancy B. Firestone)

OHIO SAVINGS BANK,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

# ANSWER

The United States, in answer to the complaint, denies each allegation contained therein that is not admitted or otherwise expressly addressed below.

The United States further:

1. Admits that this action is brought under Sections 6532 and 7422 of the Internal Revenue Code seeking to recover federal excise taxes and statutory interest, but states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation that the taxes were paid to the United States with respect to the quarters ended March 31, 2002, through September 30, 2005.
2. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.
3. Admits the allegations contained in paragraph 3.
4. Admits the allegation contained in paragraph 4.

5. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 5.

6. Avers that jurisdiction, to the extent it exists in this case, is conferred by 28 U.S.C. § 1491.

7. Avers that "venue" is conferred by 28 U.S.C. § 1491.

8. Admits that plaintiff seeks to recover federal excise taxes, but states that its attorneys currently lack knowledge or information sufficient to form a belief that plaintiff overpaid its taxes.

9. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Denies that plaintiff timely filed an administrative claim with the Internal Revenue Service for taxable quarter ended March 31, 2002. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12, but admits that the excise tax under 26 U.S.C. § 4251 does not apply to plaintiff's long distance telephone services to the extent they fall within the nontaxable services described in IRS Notice 2006-50 (2006-25 I.R.B. 1141), issued on May 25, 2006.

13. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Paragraph 14 expresses a legal conclusion to which no response is necessary.

15. Paragraph 15 expresses a legal conclusion to which no response is necessary.

16. Paragraph 16 expresses a legal conclusion to which no response is necessary. To the extent it also is making factual allegations, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of those allegations.

17. Paragraph 17 expresses a legal conclusion to which no response is necessary.

18. Paragraph 18 expresses a legal conclusion to which no response is necessary.

19. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Paragraph 20 expresses a legal conclusion to which no response is necessary. To the extent it also is making a factual allegation, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of that allegation.

21. Paragraph 21 expresses a legal conclusion to which no response is necessary.

22. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Paragraph 23 expresses a legal conclusion to which no response is necessary. To the extent it also is making a factual allegation, states that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of that allegation.

24. States that its attorneys currently lack knowledge or information sufficient to form a belief that plaintiff overpaid its taxes.

25. Admits the allegations contained in the first sentence with respect to the telephone services described in IRS Notice 2006-50. Admits that plaintiff's long distance telephone services are not taxable to the extent they fall within the nontaxable services described in IRS Notice 2006-50 (2006-25 I.R.B. 1141), and plaintiff can establish it paid taxes on those services.

26. States that its attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

ADDITIONAL DEFENSE

27. In further answer to the complaint, defendant specifically pleads that this Court lacks jurisdiction in this action over the quarter ended March 31, 2002, because the claim for such period was not made within the period of limitations. 26 U.S.C. § 6511.

WHEREFORE, the United States prays that (1) the Court dismiss plaintiff's claim for the taxable quarter ended March 31, 2002 with all allowable costs assessed against plaintiffs, and (2) allow the parties sufficient time to determine the amount, if any, of overpayment of telephone excise taxes due to plaintiff for the remaining quarters.

Respectfully submitted,

s/Jacob Christensen
JACOB E. CHRISTENSEN
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Voice: (202) 307-0878
Fax: (202) 514-9440
Email: jacob.e.christensen@usdoj.gov

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewing Attorney

August 29, 2006

s/G. Robson Stewart
Of Counsel